IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Civil Division

| | |
|---|---|
| BRIANNA CREAGH LEE, by and through Her Powers of Attorney and Parents, Tiffany D. Creagh Lee and Clark G. Lee, Jr.<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Serve: Erek L. Barron, Esquire<br>United States Attorney for Maryland<br>36 S. Charles Street 4th Floor<br>Baltimore, MD 21201<br><br>Serve: Merrick B. Garland, Esquire<br>Attorney General of the United States<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   CASE NO.: _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Plaintiff, Brianna Creagh Lee, by and through her Powers of Attorney and Parents, Tiffany D. Creagh Lee and Clark G. Lee, Jr., and her attorneys, Nolan J. Weltchek, Robert J. Weltchek, Kristopher A. Mallahan, Nathan W. Hopkins, Megan E. Burns and Weltchek Mallahan & Weltchek, LLC, hereby sues the Defendant, United States of America, and for her cause of action states as follows:

## PROCEDURAL HISTORY

1. This case was filed with the Maryland Health Care Alternative Dispute Resolution Office on or about April 12, 2022. A copy of the Statement of Claim is attached hereto as **Exhibit 1**.

2. The Plaintiff filed a Certificate of Qualified Merit and Preliminary Report of Jonathan P. Tolins, MD on or about April 12, 2022. A copy of the Certificate of Qualified Merit and Preliminary Report of Jonathan P. Tolins, MD is attached hereto as **Exhibit 2**.

3. The Plaintiff also filed a Waiver of Arbitration, pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06B with the Maryland Health Care Alternative Dispute Resolution Office on or about April 12, 2022. A copy of the Waiver of Arbitration is attached hereto as **Exhibit 3**.

4. On or about April 19, 2022, an Order of Transfer was issued by the Maryland Health Care Alternative Dispute Resolution Office, transferring this case to the United States District Court for the District of Maryland. A copy of the Order of Transfer is attached hereto as **Exhibit 4**.

5. These claims were properly filed in the Maryland Health Care Alternative Dispute Resolution Office and were properly waived out to the United States District Court for the District of Maryland.

## PARTIES, JURISDICTION AND VENUE

6. Subject matter jurisdiction exists over this action against the Defendant, The United States of America, as this action arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671, et seq.

7. At all times material to this case, Plaintiff Brianna Creagh Lee (hereinafter "Ms. Creagh Lee"), and her Powers of Attorney and Parents, Tiffany D. Creagh Lee and Clark G. Lee, Jr., have been citizens and residents of Prince George's County, Maryland.

8. The medical care rendered to Ms. Creagh Lee by the medical personnel at the Walter Reed National Military Medical Center (hereinafter "WRNMMC"), including but not limited to Brent L. Lechner, M.D., Elizabeth Ferrara, M.D., and/or other physicians and health care providers identified herein and those identified in the medical records, was provided by employees of the Department of the Navy, an agency of the United States of America, acting within the scope of their employment.

9. At all times material to this case, Defendant United States of America, through the Department of the Navy, owned, managed, and operated WRNMMC, which was and is a health care facility offering health related services in Montgomery County, Maryland.

10. At all times material to this case, WRNMMC, held itself out as being a full-service medical center, able to provide proper medical, surgical, nursing, diagnostic, and other medical services necessary to properly evaluate, diagnose, and treat patients such as Ms. Creagh Lee.

11. At all times material to this case, Brent L. Lechner, M.D., was an employee, agent, servant and/or apparent agent of the Department of the Navy and the United States of America, acting within the scope of his employment when he treated Ms. Creagh Lee.

12. At all times material to this case, Elizabeth Ferrara, M.D., was an employee, agent, servant and/or apparent agent of the Department of the Navy and the United States of America, acting within the scope of her employment when she treated Ms. Creagh Lee.

13. In material respects, all of the claims and events alleged herein occurred within the State of Maryland.

14. Pursuant to 28 U.S.C. § 2675(a), the allegations set forth herein were presented to the Department of the Navy on January 22, 2021. A copy of Plaintiff's Administrative Tort Claim is attached as **Exhibit 5**. Correspondence from the Department of the Navy acknowledging receipt of the Administrative Claim on January 22, 2021 is attached as **Exhibit 6**. Greater than six (6) months have passed since the filing of the Administrative Claim and the Agency has failed to make a final disposition of the matter. Plaintiff has thus exhausted all her administrative remedies and now elects to proceed with filing a lawsuit in the United States District Court for the District of Maryland.

15. The amount of this claim for damages due to medical malpractice exceeds Seventy-Five Thousand Dollars ($75,000.00).

16. Venue is proper in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1391(b), as this is the judicial district wherein the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

17. On September 7, 2018, a then 16-year-old, African American female, Brianna Creagh Lee, presented to the emergency room at Children's National Hospital ("CNH"), in Washington, D.C., with complaints of acutely worsening lower extremity edema, significant weight gain, diffuse arthralgia, and fatigue. Lab results revealed urinary protein levels of 1,014 mg/dL and a urinary protein/creatinine ratio of 5.0 g/g, with a serum albumin of 1.0 g/dL. She was admitted. Given her marked edema she was started on intravenous albumin, Lasix and chlorothiazide for diuresis. She had diuresis of 7L on two consecutive days. She was diagnosed with nephrotic syndrome and started on Prednisone 60 mg by mouth daily and was discharged on September 11, 2018.

18. On September 20, 2018, Ms. Creagh Lee underwent a kidney biopsy at CNH for further workup of her nephrotic syndrome. The biopsy was reported to be consistent with nephrotic syndrome secondary to minimal change disease.

19. Ms. Creagh Lee completed six weeks of daily Prednisone 60 mg by mouth before weaning to every other day prednisone. From October 22, 2018 until November 29, 2018, Ms. Creagh Lee remained in remission from her nephrotic syndrome while on 60 mg of Prednisone every other day. However, on November 29, 2018, Ms. Creagh Lee's mother recorded 3+ proteinuria in an at home urine test. For the next several days, Ms. Creagh Lee continued to test 3+ and began to develop lower extremity edema. On December 1, 2018, she presented to the ER at CNH. Her urine protein was 232 mg/dL, urine protein/creatinine ratio was 7.2 g/g and her serum albumin was 2.2 g/dL. She was diagnosed with a relapse of her nephrotic syndrome and was again started on Prednisone 60 mg daily.

20. Ms. Creagh Lee continued on 60 mg daily of Prednisone which induced remission of her nephrotic syndrome. On January 25, 2019, she was instructed by CNH medical providers that she could begin to wean to Prednisone 60mg every other day. On February 7, 2019, Ms. Creagh Lee again relapsed during her steroid taper and was again instructed to go back to 60 mg Prednisone daily which again induced remission. On February 25, 2019, she was started on CellCept by CNH medical providers. While on CellCept, Ms. Creagh Lee completed a prednisone taper and weaned off Prednisone in May 2019.

21. In late 2019, Ms. Creagh Lee again suffered from a relapse of her nephrotic syndrome and transferred her care from CNH to a team of pediatric nephrologists at Walter Reed National Military Medical Center including Dr. Brent L. Lechner and Dr. Elizabeth Ferrara.

22. On January 2, 2020, Ms. Creagh Lee was seen by Dr. Lechner. She was noted to be in active relapse with a urine protein to creatinine ratio greater than 4 g/g and a serum albumin of 2.2 g/dL.

23. On January 8, 2020, Ms. Creagh Lee was again seen by Dr. Lechner while in active relapse and started on Rituximab infusion. She had serum albumin of 2.4 g/dL and a protein to creatinine ratio that was so high it was above the limit of detection.

24. On January 23, 2020, Dr. Lechner again saw Ms. Creagh Lee while she was in active relapse. She had a serum albumin of 2.4 g/dL and a protein to creatinine ratio that was above the limit of detection.

25. On February 4, 2020, Ms. Creagh Lee presented to the ER at Walter Reed National Military Medical Center with worsening symptoms of her nephrotic syndrome including abdominal pain. She was noted to have a urine protein to creatinine ratio above the limit of detection and a serum albumin of 1.5 g/dL. She was admitted for albumin and Lasix infusion.

26. On February 5, 2020, Dr. Lechner evaluated Ms. Creagh Lee while in the hospital and saw her again on February 6, 2020, prior to her discharge. At discharge, Ms. Creagh Lee had a serum albumin of 2.0 g/dL and a protein to creatinine ratio that was again above the limit of detection.

27. On February 11, 2020, Ms. Creagh Lee was seen by Dr. Ferrara. Ms. Creagh Lee was still in active relapse of her nephrotic syndrome. Ms. Creagh Lee had a serum albumin of 1.5 g/dL and a protein to creatinine above the limit of detection. Dr. Ferrara prescribed 60 mg Prednisone daily.

28. On February 19, 2020, Ms. Creagh Lee was seen by Dr. Ferrara. She had a serum albumin of 1.5 mg/dL. Ms. Creagh Lee was given a third dose of Rituximab as well as IV albumin and Lasix.

29. On March 2, 2020, Ms. Creagh Lee was seen by Dr. Ferrara who began to wean the daily Prednisone to 50 mg.

30. On March 10, 2020, Dr. Ferrara weaned Ms. Creagh Lee to daily Prednisone of 40 mg.

31. On March 18, 2020, Dr. Ferrara again tapered the steroid dose to daily Prednisone of 20 mg.

32. On March 25, 2020, Dr. Ferrara noted that Ms. Creagh Lee's urine sample showed protein above the limit of detection.

33. On March 27, 2020, Dr. Ferrara noted an elevated protein to creatinine ratio and that Ms. Creagh Lee was reporting increasing foamy urine since earlier in the week. Dr. Ferrara placed Ms. Creagh Lee back on daily Prednisone 60 mg to treat the relapse of her nephrotic syndrome.

34. On March 28, 2020, Dr. Lechner and Dr. Ferrara were notified that Ms. Creagh Lee's at home urine test strips were showing 4+ and that her urine was very dark. Furthermore, they were informed that she was experiencing stomach pain, vomiting and diarrhea with no fever or cough.

35. On March 29, 2020, in the early morning hours, Ms. Creagh Lee was observed by her parents to be exhibiting signs of altered mental status. An ambulance was called, and she was taken to the ER at MedStar Southern Maryland Hospital and diagnosed with an acute stroke. A CTA was performed which revealed a large infarct in the middle cerebral artery ("MCA")

distribution and occlusion of M1. It was determined that Ms. Creagh Lee was not a candidate for TPA. She was transferred to MedStar Georgetown University Hospital ("Georgetown") for a thrombectomy.

36.     At Georgetown, Ms. Creagh Lee underwent an endovascular mechanical thrombectomy with TICI- 2a recanalization. When a subsequent CT showed progression of the left MCA infarct with hemorrhagic conversion a left-sided hemicraniectomy was performed for decompression. It was noted on the day of admission that Ms. Creagh Lee had a urine protein to creatinine ratio of 11.5 g/g and a serum albumin of 0.7 g/dL.

37.     Ms. Creagh Lee had a difficult and protracted hospitalization followed by a rehabilitation stay and was eventually discharged home. As a result of her significant stroke and related complications, Ms. Creagh Lee has suffered catastrophic and debilitating neurologic and physical injury including, but not limited to, severe receptive and expressive aphasia, right hemiplegia, and impaired cognition.

## COUNT I
(Medical Malpractice)

38.     Plaintiff, Brianna Creagh Lee, by and through her Powers of Attorney and Parents, Tiffany D. Creagh Lee and Clark G. Lee, Jr., hereby sues the Defendant and for her cause of action states:

39.     The Plaintiff incorporates all of the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

40.     The Defendant, by and through their actual and/or apparent agents, servants, and/or employees including but not limited to, Dr. Brent Lechner, Dr. Elizabeth Ferrara, and/or other physicians and health care providers identified herein and those identified within the medical

records, owed Ms. Creagh Lee a duty to exercise reasonable care in their management, care and treatment of her nephrotic syndrome and attendant complications.

41. The Defendant, by and through their actual and/or apparent agents, servants, and/or employees including but not limited to, Dr. Brent Lechner, Dr. Elizabeth Ferrara, and/or other physicians and health care providers identified herein and those identified within the medical records breached the above-described duty of care, thereby deviating from applicable standards of care and were otherwise negligent, careless, and reckless in that they, among other things: (a) failed to appreciate the significance and seriousness of Ms. Creagh Lee's risk for a hypercoagulable state and attendant risk of stroke secondary to her nephrotic syndrome; (b) failed to administer anti-coagulation prophylaxis at any point in time during their care and treatment of Ms. Creagh Lee; (c) failed to send Ms. Creagh Lee to the emergency room on March 28, 2020 to be evaluated.

42. As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Defendant, Ms. Creagh Lee has suffered an otherwise preventable brain injury and accompanying disabilities. Had the Defendant followed the appropriate and applicable standards of care, Brianna Creagh Lee would not have suffered the above-identified injuries and damages. The deviations of the standards of care by the Defendant are the proximate cause of Brianna Creagh Lee's injuries and damages.

43. As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Defendant, Ms. Creagh Lee has been caused to sustain serious, painful, and permanent injuries to her brain and body, resulting in great physical and mental pain and suffering, embarrassment, humiliation, and other non-economic damages.

44. As a further direct and proximate result of the above-described deviations from applicable standards of care and breaches of duty by the Defendant, amongst other things, Ms. Creagh Lee will require 24-hour care and supervision for the remainder of her life and will incur significant expenses related to medical care, attendant care, therapy, medications, and medical supplies among other things.

45. As a further direct and proximate result of the above-described deviations from applicable standards of care and breaches of duty by the Defendant, Ms. Creagh Lee has been caused to incur significant past medical expenses.

46. As a further direct and proximate result of the above-described deviations from applicable standards of care and breaches of duty by the Defendant, Ms. Creagh Lee will not be able to obtain any form of higher education or hold any employment in the future resulting in significant economic damages and loss.

47. As a further direct and proximate result of the above-described deviations from applicable standards of care and breaches of duty by the Defendant, Ms. Creagh Lee will be precluded from engaging in her normal and usual pursuits and activities among other injuries and damages.

48. Had the Defendant followed the appropriate and applicable standards of care, Ms. Creagh Lee would not have suffered the above identified injuries and damages.

49. The injuries and damages herein complained of were directly and proximately caused by the negligence of the Defendant, with no negligence on the part of Ms. Creagh Lee contributing thereto.

WHEREFORE, the Plaintiff, Brianna Creagh Lee, by and through her Powers of Attorney and Parents, Tiffany D. Creagh Lee and Clark G. Lee, Jr., hereby requests that a judgment be

entered against the Defendant for compensatory damages in the amount of Fifty Million Dollars ($50,000,000.00), plus costs and interest and such other relief as may be just and proper.

Respectfully submitted,

/s/
ROBERT J. WELTCHEK (Fed. Bar No. 0954)
rweltchek@wmwlawfirm.com
KRISTOPHER A. MALLAHAN (Fed. Bar No. 28264)
Kmallahan@wmwlawfirm.com
NOLAN J. WELTCHEK (Fed. Bar No. 29825)
nweltchek@wmwlawfirm.com
NATHAN W. HOPKINS (Fed. Bar No. 29802)
nhopkins@wmwlawfirm.com
Weltchek Mallahan & Weltchek, LLC
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
410-825-5287 telephone number
410-825-5277 facsimile number

*Attorneys for Plaintiff*